Filed 2/22/22  P. v. Kishor CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092425 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F01523) |
| v. | |
| CHANDRA KISHOR, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In 1999, defendant pleaded no contest to robbery (Pen. Code, § 211)[1] and attempted murder (§§ 664, 187, subd. (a)).  The trial court sentenced defendant to an aggregate state prison term of 11 years to life.  We affirmed the judgment in 2001, and the case became final in 2001.  (*People v. Kishor* (Jan. 9, 2001, C034740) [nonpub. opn.].)

---

[1]     Undesignated statutory references are to the Penal Code.

1

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court appointed counsel and received briefing from the parties.

The court issued an order noting defendant "was not convicted of murder," and requested supplemental briefing from the parties about whether the petition should be denied because defendant "seeks relief from his attempted murder conviction, and not an actual murder conviction." Both parties submitted briefing in response to the order. The court then issued a written order denying the petition, finding defendant had "not shown that he falls within the provisions of [ ] § 1170.95."

In May 2021, this court issued an unpublished opinion affirming the trial court's order denying the petition for resentencing, and concluding, consistent with then-prevailing case law, that defendants convicted of attempted murder were not eligible for resentencing under section 1170.95. (*People v. Kishor* (May 25, 2021, C092425) [nonpub. opn.].) The Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the issue in light of Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1170.95 to, among other things, clarify that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

Defendant submitted supplemental briefing arguing that the trial court's rationale for denying the petition is no longer valid and the case must be remanded because defendant stated a prima facie case for eligibility.[2] We agree and will remand the case for further proceedings.

---

[2]     The People filed a letter stating they would not be filing supplemental briefing.

## DISCUSSION

Senate Bill No. 775 was passed as nonurgency legislation during the regular session and its amendments to section 1170.95 became effective January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) Among other things, the bill amends section 1170.95 to apply to a petitioner who "was convicted of . . . attempted murder" after accepting a "plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (Stats. 2021, ch. 551, § 2.) Because section 1170.95, as amended, now applies to petitioners convicted of attempted murder, such as defendant, we agree defendant is entitled to the benefit of the new legislation. (See *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243.)

Under the amended section 1170.95, subdivision (c), if the petitioner makes a prima facie showing he or she is entitled to relief, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the conviction and resentence the petitioner. (§ 1170.95, subd. (c).) Section 1170.95, subdivision (d) further prescribes the process of that hearing and the evidence that may be considered at the hearing. The trial court previously denied defendant's petition because it concluded defendant's attempted murder conviction made him ineligible for relief. The trial court also considered statements at defendant's change of plea hearing, as well as those of his codefendants, to assess his role in the offense and concluded he was not eligible for relief as a result. Senate Bill No. 775 has removed the first basis for the trial court's decision, and our Supreme Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, 972 that, at the prima facie stage, the "trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion,'" eliminates the alternative basis for the trial court's decision. Accordingly, we will remand the case with directions to issue an order to show cause and hold a hearing pursuant to section 1170.95, subdivision (d). We express no opinion as to how the petition should ultimately be resolved.

3

## DISPOSITION

The order denying the petition for resentencing under section 1170.95 is reversed. The case is remanded to the trial court to issue an order to show cause and conduct further proceedings consistent with section 1170.95, subdivision (d).

                                                      /s/
                                              RAYE, P. J.


We concur:


    /s/
HULL, J.


    /s/
HOCH, J.

4